IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
**DEIRDRE SMALL and MALIKAH ALKEBULAN,**

      **Plaintiffs,**

      vs.                             03 CV 2139 (SLT)(MDG)

**NEW YORK CITY TRANSIT AUTHORITY,**

      **Defendant.**
---------------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This action was brought by Deirdre Small and Malikah Alkebulan ("Plaintiffs") against New York City Transit Authority ("NYCTA"), alleging that the NYCTA violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et* seq. by discriminating against them regarding the terms of their employment on the basis of their religion (Muslim) and gender (female). Plaintiffs also asserted pendent claims for religious discrimination pursuant to New York State Constitution, Article I § 3, and New York State Executive Law Article 15, § 296(1)(a). The NYCTA denies the allegations in the Plaintiffs' Complaint.

The Plaintiffs and the NYCTA (collectively, the "Parties") desire that this action be settled by an appropriate settlement agreement, without the burden of continued, protracted litigation with its attendant costs and without a finding or admission of fault or liability of any party. The Parties therefore agree to the jurisdiction of this Court over them and the subject matter of this action. For the purposes of this Settlement Agreement ("Agreement"), the Parties waive a hearing and findings of fact and conclusions of law

on all issues, and further agree to the entry of the Stipulation of Dismissal (with this Settlement Agreement attached to that Stipulation) as final and binding between themselves as to the issues raised in the Plaintiffs' Complaint in this case and the matters resolved in this Agreement.

This Agreement, shall not constitute an admission, adjudication or finding on the merits of the allegations made in the Complaint, nor shall it prejudice either party or be admissible by either party in any future proceeding.

As used in this Agreement, the term "date of entry" is defined as the date on which the Stipulation of Dismissal (with this Agreement attached) is filed with the Court

The Parties shall sign, at the same time that this Settlement Agreement is signed, a Stipulation of Dismissal in the form attached to this Settlement Agreement as Exhibit C, and the attorney for NYCTA shall then file that Stipulation with the Court forthwith.

NOW THEREFORE the Parties, by their undersigned attorneys, agree as follows:

I. PARTIES

1. The Parties to this Agreement are Deirdre Small and Malikah Alkebulan and The New York City Transit Authority.

II. INJUNCTIVE RELIEF

A. **Passenger Service**

2. Deirdre Small and Malikah Alkebulan will be allowed to participate in the next "pick" process and, if they "pick" jobs in passenger service, will be allowed to perform those jobs once the "pick" goes into effect. (It is currently expected that that next pick will go into effect as of July 1, 2012.)

### B. Uniform Policy

3. As part of the settlement of this case, the NYCTA, consistent with provisions of the Settlement Agreement in *United States of America v. New York City Transit Authority,* E.D.N.Y. No. 04 CV 4237), shall adopt and maintain new uniform policies on headwear for bus operator employees, as outlined in Attachment **A,** hereto. The new uniform policies give such employees additional headwear options, and do not require such employees who wear khimars (a type of religious headwear worn by Muslim women) to attach anything to their khimars.

The Plaintiffs, by their attorneys, have reviewed, and expressly approve of the injunctive relief contained in the Settlement Agreement being entered into by the parties in a related action in the United States District Court for the Eastern District of New York entitled *United States of America v. New York City Transit Authority,* No. 04 CV 4237, which relief includes a modification of the uniform policy for NYCTA Bus Operators. Plaintiffs expressly approve of the timetable for implementation of NYCTA Uniform Policy modification, including enforcement and monitoring procedure wholly conducted by the United States as contained in the Settlement Agreement in the aforementioned related action.

### C. Religious Accomodation Policy and Procedure

4. As part of the settlement of this case, the NYCTA, consistent with provisions of the Settlement Agreement in *United States of America v. New York City Transit Authority,* E.D.N.Y. No. 04 CV 4237, shall adopt and maintain a new written policy and procedure on religious accommodation, as outlined in Attachment B hereto. The religious accommodation policy will comply with Title VII's prohibition against religious

discrimination and with Title VII's requirement to reasonably accommodate the religious observances, practices and/or beliefs of all employees and prospective employees. The new religious accommodation policy will be in addition to and will not replace the NYCTA's Sabbath observance policy.

Plaintiffs expressly approve of the timetable for implementation of NYCTA's new religious accommodation policy, including enforcement and monitoring procedure wholly conducted by the United States as contained in the Settlement Agreement in the above-referenced related action.

### III. DAMAGE RELIEF

5. Each of the Plaintiffs in this action shall receive a payment (without deductions or withholding) from the defendant NYCTA as follows:

Dierdre Small------------------$51,000.00 (USD)

Malikah **Alkebulan------------$46,000.00** (USD)

Those payments shall be delivered to one of the undersigned attorneys for the plaintiffs within thirty (30) days after the date that this Agreement and the Stipulation of Dismissal are fully executed, and will be subject to the Plaintiffs' each providing adequate proof of a Social Security number or tax identification number.

6. The attorneys for the Plaintiffs may apply to the Court (in the person of Judge Sandra L. Townes or Magistrate Judge Marilyn D. Go) for an order awarding those attorneys reasonable attorneys' fees; that application shall be made within sixty (60) days after the date that the Stipulation of Dismissal, having been fully executed and filed, is entered on the Court's docket sheet for this action. Plaintiffs will be treated as "prevailing party" solely for the purpose of award of reasonable attorneys' fees payable

by NYCTA. Designation of Plaintiffs as "prevailing party" does not constitute an admission by NYCTA, adjudication against NYCTA or finding on the merits against NYCTA, or an agreement by NYCTA as to the particular amount of any proposed reasonable attorneys' fees that the court should award.

## IV.  STIPULATION OF DISMISSAL

7. This Settlement Agreement shall take full force and effect upon its filing as an attachment to the Stipulation of Dismissal, and for the purposes of it taking effect, shall be treated as having been filed previously in time to the Stipulation of Dismissal.

8. Upon filing of the Stipulation of Dismissal, by an attorney for NYCTA, the Stipulation of Dismissal shall remain in full force and effect. The terms of the Settlement Agreement shall remain fully enforceable.

## V.  EXPIRATION

9. This Agreement shall expire two (2) years from the date of entry of the Stipulation of Dismissal referred to in this Agreement. With respect to the time frames for completion of acts set forth in this Agreement, those time frames may be modified upon mutual written consent of the Parties. The Parties may jointly agree to other modifications of this Agreement. In the event of a dispute between the Parties with respect to compliance with the time frames set forth in this Agreement, the Parties shall utilize the dispute resolution procedures set forth in Section VI of the Settlement

5

Agreement in *United States v. New York City Transit Authority,* E.D.N.Y. No. 04-CV-4237.

Dated: May  29 , 2012

_____
Armani B. Scott, Esq.
59 Main Street, Suite 322
West Orange, NJ 07052
Tel. (718) 644.8102
*Attorney for the Plaintiffs*

_____
Lonnie Hart, Jr., Esq.
44 Court Street  (Suite 907) LH
Tel. (718) 246-8200
Brooklyn, NY 11201

*Attorney for the Plaintiffs*

_____
Richard Schoolman
Office of the General Counsel
New York City Transit Authority
130 Livingston Street
Brooklyn, NY  11201
Tel. (718) 694-4667
*Attorney for the Defendant*

6

ATTACHMENT A:  UNIFORM POLICY

---
**Bulletin Order No. 10B-137, but would also replace language in Bulletin 02.39.102)**

Uniform headwear. If an operator elects to wear any form of headwear, TA-issued uniform hats, or other specified TA-issued or TA-approved headwear, shall be worn. The uniform hat (sometimes referred to as the depot or TA logo cap), if worn, shall be worn with the bill of the cap facing forward. Alternatively, an operator also may wear a turban made of fabric that is in the TA-approved plain, solid navy blue color; a khimar (or headscarf) made of fabric that is in the TA-approved plain, solid, navy blue color; a tam made of fabric that is in the TA-approved plain, solid navy blue color, a skullcap, kufi, or yannulke made of fabric that is in the TA-approved plain, solid navy blue color. Employees who wear turbans, khimars (or headscarves), tams, skullcaps, yarmulkes or kufis need not wear any other head covering on top of or have a TA-issued logo or logo patch on that headwear but must display their TA-issued photo identification cards on the upper left-hand or upper right-hand portion of their outermost shirt or jacket or around the neck, in accordance with TA identification procedures applicable to all bus operators who wear turbans, khimars (or headscarves), tams, skullcaps, yarmulkes or kufis that do not have a TA-issued logo or logo patch affixed.

## ATTACHMENT B

## RELIGIOUS ACCOMMODATION POLICY AND PROCEDURE

The New York City Transit Authority (NYCTA) is fully committed to a diverse and inclusive work environment, and does not discriminate against employees or applicants on the basis of their religious beliefs, practices or observances in appointment, termination, or any other terms and conditions of employment.

.Employees and applicants whose religious belief, practice or observance conflicts with NYCTA rules, policies, or procedures may request a religious accommodation.

The NYCTA will provide reasonable accommodation for the religious beliefs, practices or observances of all employees and applicants absent an undue hardship on the NYCTA.

**1. What should a person do if s/he wants to request a religious accommodation?**

An employee or applicant wishing to request a religious accommodation (other than one involving Sabbath Observance [see Q&A 3 below] must first submit a written request to his or her immediate Supervisor, Manager, Director, or the agency personnel supervising the application process. The request can be in the form of a "G2 memo" or a letter from the employee or applicant, and should include the following information:

- date of the request for religious accommodation;
- contact information (including telephone number) for the employee or applicant;
- a clear statement of the conflict between the NYCTA rule, policy or procedure and the religious belief, practice or observance of the employee or applicant; and
- the requested accommodation and the start date for the accommodation.

Although not required, the employee or applicant also may attach to the G2 memo (or letter) additional documentation explaining or supporting the requested religious accommodation.

**2. When should a person make a request for religious accommodation?**

An employee or applicant should make his or her request for religious accommodation as far in advance as possible before the requested accommodation is needed, ideally no later than ten (10) days prior to the date that the requested accommodation would take place, so that it can be appropriately considered. Failure to provide advance notice of a request for accommodation will not automatically result in denial of the accommodation.

3.  **What should a person do if his/her request for religious accommodations is related to a Sabbath Observance?**

    If an employee or applicant is requesting a religious accommodation of a Sabbath Observance, s/he should use the NYCTA's existing policy and procedure regarding Sabbath Observance; which remains in effect and is not changed by this religious accommodation policy and procedure.

4.  **What is the procedure for handling a person's request for religious accommodation?**

    Supervisors, Managers, Directors and other agency personnel receiving requests for religious accommodation will immediately forward those requests to the Senior Director of Collective Bargaining, Office of Labor Relations, New York City Transit Authority, 2 Broadway, Room A13.142, New York, NY 10004.

    Prior to making a decision regarding the request for religious accommodation, the Senior Director of Collective Bargaining *may* have an interactive discussion about the accommodation with the requesting employee or applicant and his/her Supervisor, Manager, Director, or the agency personnel supervising the application process. However, before any decision is made denying an accommodation, the Senior Director of Collective Bargaining *must* make a good faith effort to have an interactive discussion about the accommodation with the requesting employee or applicant and his/her Supervisor, Manager, Director, or the agency personnel supervising the application process. All discussions should focus on all relevant issues, including whether and how the NYCTA can accommodate the employee's or applicant's religious belief, practice or observance absent undue hardship.

    The Senior Director of Collective Bargaining will carefully and expeditiously review all requests for religious accommodation and return a copy of the original request (and any supporting documentation provided) with a written decision to the requesting employee's department (or, for applicants, the prospective department). If the requested accommodation constitutes an undue hardship, the parties shall investigate potential alternative accommodations that would not create an undue hardship. If the accommodation is denied, the Senior Director of Collective Bargaining will include the reason(s) for denial in his or her decision, including a description of the resulting undue hardship. Generally, the department shall promptly forward the decision and related materials to the employee or applicant as far in advance of the date that the accommodation would begin, and where possible, no later than three (3) days before that date.

5.  **May a person appeal the denial of a request for religious accommodation by the Senior Director of Collective Bargaining?**

    Yes. A person dissatisfied with the decision of the Senior Director of Collective Bargaining may obtain review of that decision by filing **an appeal with** the Chief Officer of the

NYCTA's Office of Equal Employment Opportunity. To do so, a requesting employee or applicant must submit a G2 memo or letter (along with a copy of the Senior Director's written decision and the supporting documentation that the employee or applicant originally provided) within two (2) weeks of receiving the Senior Director's decision to: Chief Officer, Office of Equal Employment Opportunity, New York City Transit Authority, 130 Livingston Street, Room **3009,** Brooklyn NY 11201.

The Chief Officer of the Office of Equal Employment Opportunity will issue a written decision to the requesting employee or applicant and the respective department, where possible, no later than five *(5)* days after the appeal has been submitted. In the event that the accommodation would occur while the appeal was pending, where possible, the decision will be provided before the date that the accommodation would start. If an appeal is denied, the decision must provide the reason(s) for denial.

Although an appeal of a decision denying a request for a religious accommodation is filed with the NYCTA's Office of Equal Employment Opportunity, the appeals process is separate and different from the complaint process utilized for filing claims of employment discrimination. Employees and applicants have the right to file a complaint before or at any time during the religious accommodation process with the NYCTA's Office of Equal Employment Opportunity or outside agencies; such as the U.S. Equal Employment Opportunity Commission or the New York State Division of Human Rights. Please note that there are deadlines for filing complaints with the above outside agencies. The denial of an appeal of a decision on a request for religious accommodation will not automatically result in a negative finding on a complaint of employment discrimination filed with the Office of Equal Employment Opportunity.

EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DEIRDRE SMALL and MALIKAH ALKEBULAN,

                Plaintiffs,

                No. 03 CV 2139 (SLT)(MDG)

v.

                **STIPULATION OF DISMISSAL**

NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.
---------------------------------------------------------------x

    IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for all of the parties, as follows:

    1) This action, having been resolved by the parties through a separate Settlement Agreement (a copy of which is attached), is dismissed, with prejudice, pursuant to F.R.C.P. 41(a)(1)(A)(ii).

    2) Counsel for the plaintiffs, if they wish, may submit a motion to the Court for an award of reasonable attorney's fees within sixty (60) days of the date that this Stipulation is entered on the Court's docket sheet for this action; the parties consent, pursuant to F.R.C.P. 73, that that motion be referred to and decided by either the presiding judge previously assigned to this action, Hon. Sandra L. Townes, or the magistrate judge previously assigned to this action, Hon. Marilyn D. Go, M.J.

3) This Stipulation of Dismissal shall take full force and effect when entered.

Dated: May 29 2012

_____       _____
Armani B. Scott                                          Richard Schoolman
59 Main Street (Suite 322)               Office of the General Counsel
West Orange, NJ 07052                 New York City Transit Authority
Tel. (718) 644-8102                       130 Livingston Street
*Attorney for the Plaintiffs*                Brooklyn, NY 11201
                                                     Tel. (718) 694-4667
_____       *Attorney for Defendant*
Lonnie Hart, Jr.
44 Court Street (Suite 940)
Brooklyn, NY 11201
Tel. (718) 246-8200
*Attorney for the Plaintiffs*