UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DEIRDRE SMALL and MALIKAH ALKEBULAN

                                Plaintiffs,

   against-                                      03 CV 2139 (SLT)(MDG)

NEW YORK CITY TRANSIT AUTHORITY,

                                Defendant.
------------------------------------------------------------------------X

**NOTICE OF MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

PLEASE TAKE NOTICE that upon the Affirmation of Armani Baraka Scott, the annexed exhibits, the Memorandum of Law in Support of this Motion and all prior proceedings had herein, pursuant to 42 U.S.C. § 12205 and FRCP 54, on August 28, 2012, Plaintiffs shall move this Honorable Court, at 225 Cadman Plaza, Brooklyn, New York, for an order granting plaintiff's application for attorneys' fees and costs in the amount of $637,303.50.

Dated:    Brooklyn, New York
            July 25, 2012

                                                      Respectfully submitted,

                                                        _____/**S**/_____
                                                    ARMANI BARAKA SCOTT (ABS-8751)
                                       LAW OFFICES OF ARMANI BARAKA SCOTT
                                                                59 Main Street, Suite 322
                                                          West Orange, New Jersey 07052
                                                                    (718) 644-8102
                                                                  Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DEIRDRE SMALL and MALIKAH ALKEBULAN
                                      Plaintiffs,

          -against-                                    03 CV 2139 (SLT)(MDG)

NEW YORK CITY TRANSIT AUTHORITY,

                                      Defendant.
------------------------------------------------------------------------X

### SCOTT AFFIRMATION IN SUPPORT OF
### MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS

1.    Pursuant to 42 U.S.C. § 12205, I am respectfully submitting this affirmation in support of Plaintiffs' application for reasonable attorneys' fees and costs. As fully set forth in this affirmation, <u>Plaintiffs and Defendant have formally agreed that for the purposes of disposing of this Motion, Plaintiffs are the prevailing party pursuant to a Settlement Agreement executed by the Parties on May 29, 2012, and entered with the Court on May 30, 2012</u> (Attached Hereto as Exhibit A, Pages 4-5).

**Background and Litigation History**

2.    Plaintiffs brought this action on May 2, 2003 claiming that Defendant engaged in employment discrimination against them on the basis of religion (Muslim) and gender (Female) when the Defendant removed the Plaintiffs from passenger service as bus operators because of their decision to observe their Muslim faith and wear religious head cover ("khimar"). Plaintiffs began conducting fact discovery in due course, serving interrogatories, making demands for document production and deposing Defendants' witnesses,

3.    Subsequent to the filing of Plaintiffs' complaint and as a direct result of their commenced

2

litigation and discovery findings, four (4) additional, related employment discrimination actions were filed against the Defendant by: a) two Muslim female bus operators, Mrs. Gladys Muhammad, (04cv2294) and Mrs. Stephanie Lewis--*deceased* (04cv2331); b) five (5) Sikh male train operators and station agents (05cv3341); and c) the United States Department of Justice (04cv4237) (hereinafter "related cases").

4. All of the related cases were joined with the Plaintiffs' complaint for discovery on April 13, 2005. Thereafter, Plaintiffs' attorneys, Attorney Scott and Attorney Hart coordinated all litigation efforts with counsel for the related cases.

5. <u>Simultaneous with this action, Plaintiffs were parties to a series of hearings and mediation conferences related to grievances filed on their behalf by their union (TWU 100) representatives.</u> Grievances filed by TWU 100 were based on identical series of facts that gave rise to this action. Plaintiffs' attorneys, as lead attorneys in Plaintiffs' case, represented Plaintiffs in all TWU 100 matters related to their employment discrimination claims from November 2002 through present. <u>Plaintiffs' attorneys participated in TWU 100 matters to ensure that Plaintiffs' interests in this matter were protected in those related hearings.</u>

6. At the close of joined discovery, Defendant filed a Motion for Summary Judgment in the joined United States Department of Justice action.

7. <u>Plaintiffs provided extensive sworn Declarations for the answer entered by United States Department of Justice;</u> **providing the foundation, timeline and factual support that is the underpinning of the action filed by United States Department of Justice** as well as the <u>genesis of all other related cases</u>.

8. Defendant lost all the arguments it advanced in its Motion for Summary Judgment.

9. All of the Parties, joined Plaintiffs and Defendant, engaged in joint settlement

negotiations on the issues of injunctive relief. Thereafter, individual Plaintiffs engaged in independent settlement negotiations.

10. <u>Plaintiffs in the above-captioned action have entered into a negotiated Settlement Agreement with the Defendant which designates them the prevailing party as well as incorporates the injunctive relief and damage relief as negotiated by the Plaintiffs</u>.

### Attorneys' fees and hours expended

11. The factors that a Court should consider in determining an appropriate fee award are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Reiter v. Metro. Transp. Auth. of N.Y.</u>, 2007 U.S. Dist. LEXIS 71008, 9-11 (S.D.N.Y. 2007)

12. Hours spent on unsuccessful claims may be awarded if the claims are "'inextricably intertwined' and 'involve a common core of facts' . . ." <u>Reed v. A.W. Lawrence & Co</u>., 95 F.3d 1170 (2d Cir. 1996).

13. Annexed hereto are fee logs documenting the time expended in prosecuting this action. (Exhibits "C" and "D") Consistent with their office policies, these time records were contemporaneously maintained by Attorney Scott and Attorney Hart.

14. Attorney Scott hereby affirms that, during pendency of this matter, I recorded hours for each task, by hand, on pre-printed forms and transferred them to a computerized fee log when

needed to support this fee application.

15.     Attorney Hart, recorded hours for each task, by hand, on pre-printed forms and transferred them to a computerized fee log when needed to support a fee application. (See Hart Affirmation attached hereto as Exhibit B)

16.     Attorneys Armani Baraka Scott and Lonnie Hart, Jr. have been lead counsel for the Plaintiffs throughout the ten years of this entire litigation and working in conjunction, have maintained all the files and records of this action.

17.     The fee logs are self-explanatory and are specific as to all significant litigation tasks recorded.

**Hourly Rates for Armani Baraka Scott and Lonnie Hart, Jr. under 42 U.S.C. §12205**

18.     Attorney Scott is seeking $300,206.50 and Attorney Hart is seeking $337,097.00 for a total of $637,303.50 based upon a rate of $350 per hour for time expended on this case. (See Affirmation of Attorney Hart, Attached Hereto as Exhibit B) (See fee logs of Attorney Scott and Attorney Hart Attached Hereto as Exhibit C and Exhibit D)

19.     Attorney Scott is a 1998 graduate of Howard University School of Law, where he was a member of the Howard Law Journal.

20.     From August 1998 through 2000, Attorney Scott worked as an Assistant District Attorney with the Suffolk County District Attorney's office, in Suffolk County, New York, handling felony Grand Jury presentations, sex crimes prosecutions and trials and regular misdemeanor trials. Thereafter, in 2001, I worked for the Law Offices of Frank McClain-Sewer in New York, New York, focusing on civil litigation and federal criminal defense. During that time Attorney Scott researched and drafted motions for criminal and civil actions in federal court and conducted numerous proffer sessions in the Eastern District and Southern District of New York.

21.     In early 2002, Attorney Scott opened his own law practice office, with a concentration in civil and criminal litigation in federal and state court.  Attorney Scott has conducted felony trials in state and federal court; successfully litigated civil actions in state and federal court including oral arguments.

22.     Attorney Scott is admitted to practice in the following courts: New York (1998), Eastern District of New York (2001) and Southern District of New York (2002).

23.     Since leaving the Suffolk County District Attorney's Office in 2000, Attorney Scott has handled every aspect of federal and state litigation, including screening and reviewing intakes, drafting complaints,  taking depositions, researching, drafting and arguing motions, as well as conducting hearings, jury trials and appeals.

22.     Attorney Scott has successfully litigated employment discrimination actions in the Southern District of New York and the Eastern District of New York; as well as practiced civil and criminal litigation in the Southern District of New York and the Eastern District of New York.

23.     In 2006, Attorney Scott and Attorney Hart successfully prosecuted and settled an employment discrimination suit in the United States District Court (Southern District of New York).

24.     Through this motion, Attorney Scott and Attorney Hart are respectfully asking that this Court set their hourly rate under 42 U.S.C. § 12205 at three hundred fifty dollars ($350.00), which is reasonable given each of their fourteen years of experience. It is beyond cavil that a $350 an hour rate for Eastern District attorneys handling civil rights cases, is appropriate. Hugee v. Kismo Apartments, LLC, No.11-CV-4996) (JG), (E.D.N.Y. Apr 3, 212); Pilitz v. Inc. Village of Freeport, No. 07-CV-4078 (ETB), 2011 WL 5825138 (E.D.N.Y. Nov. 17, 2011)

6

(citing Builders Bank v. Rockaway Equities, LLC, No.08CV-3575 (MDG), 2011 WL 4458851, (E.D.N.Y. Sept 23, 2011)("The range in this district is between $300 and "$450 for partners…"); Olsen v. Cnty. Of Nassau, No.05-CV-3623 (ETB), 2010 WL 376642(E.D.N.Y. Jan 26, 2010)(reasonable hour rates are $375-$400 for partners); Gutman v. Klein, No. 03-CV-1570 (BMC), 2009 WL 3296072, (E.D.N.Y. Oct 9, 2009)(approving rates $300-$400 for partners); (Marisol A. v. Giuliani, 111 F. Supp. 2d 381 (S.D.N.Y. 2000).

25.  Moreover, the results achieved in this action have been extraordinary since after approximately ten (10) years of litigation, Plaintiffs have been returned to their passenger service duties **exactly as they were attired** (**with religious head cover**) when they were initially removed from passenger service duties.  Plaintiffs have also been awarded substantial monetary damages as compensation for their lengthy ordeal.  The Plaintiffs position regarding religious freedom has been thoroughly vindicated in addition to the monetary damages they have negotiated.

26.  Attorney Scott and Attorney Hart have personally litigated this action in its entirety managing all aspects of this complex, multi-party matter.

## Costs

27.   Plaintiffs have incurred $3,037.00 in costs in litigating this case.

28.   The breakdown for fees and costs is as follows:

| | |
|---|---|
| Costs: | $3,037.00 |
| Attorneys' fees: | $298,119.50 (Scott) |
| | $336,147.00 (Hart) |
| Total: | $637,303.50 |

29.     WHEREFORE, I respectfully request that this Honorable Court grant Plaintiffs' requests in all aspects.

Dated:   Brooklyn, New York
         July 25, 2012

                                                          Respectfully submitted,
_____/s/_____
ARMANI BARAKA SCOTT (ABS-8751)
LAW OFFICES OF ARMANI BARAKA SCOTT
59 MAIN STREET, SUITE 322
West Orange, New Jersey 07052
(718) 644-8102
Counsel for plaintiff

8